### Hanson, Jr.'s Guardian Ad Litem, et al. v. Hanson.

(Decided February 20, 1920.)

#### Appeal from Fayette Circuit Court.

Wills—Construction of—Power to Life Tenant to Sell Real Estate.—Where testatrix in her will gave a life estate in certain

described property to "A" for life and at his death to his children, giving to "A" the power to sell the property and re-invest the proceeds "at his discretion," "A" had the power to sell the property and convey a good title to the purchaser without asking the advice and consent of the chancellor.

A. M. HALL for appellants.

GEORGE C. WEBB for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL— Affirming.

The third clause in the will of Mrs. Jennie M. Hanson Helm reads as follows:

"I give and bequeath to my dear brother, R. H. Hanson, my property in Lexington, located as follows: The entire corner that I own, Church and Mill, Market and Church, including the old J. M. Hanson Agency Building, No. 155 Market, my residence, No. 163 Market, the Old Sayre property, No. 160 North Mill, and the garage, No. 172 North Mill. Any mortgage or debts, liens, etc., on any of these properties, are to be paid off out of my estate. I leave them to him, R. H. Hanson free from any debts of any kind whatsoever. The properties are to revert to his children at his death, but they may be sold and amounts reinvested at his discretion. I also will and bequeath to him, R. H. Hanson, the sum of ten thousand dollars ($10,000.00) to be invested by him to revert to his children. Should I survive my brother, the (3) above I bequeath to his children that survive me."

The question in the case is whether Richard H. Hanson had the power, under this third clause, to sell and convey a good title to the purchaser of the property mentioned in it.

The lower court adjudged that Hanson had the power to sell any of the property mentioned or held by him under the third item of the will, and reinvest the proceeds in other property to be held under the same conditions and limitations, and that he had the further power to execute and deliver such deeds or writings as were necessary to sell and convey any of the property for the purpose of reinvestment and to give to the purchaser thereof a fee simple title.

For the purpose of having the correctness of the judgment determined, the infant children of Richard H. Hanson have prosecuted this appeal, and it is insisted

by their counsel that R. H. Hanson could only sell and convey the property by and with the consent of the chancellor, upon it being made to appear in a suit brought for that purpose that it would be advisable that the property should be sold and the proceeds thereof reinvested.

We think the judgment of the lower court was correct and that R. H. Hanson, although invested only with the life estate in the property, was given the right to sell the same and reinvest the proceeds "at his discretion." The power to sell at his discretion is plainly expressed, and this necessarily carries with it the power to convey the property sold and invest the purchaser with a good title.

To hold that the property could only be sold under an order of the court would give no meaning or effect to the very words in the will by which the testatrix authorized R. H. Hanson to sell at his discretion. If the words, "at his discretion" had been omitted, there would be much force in the argument of counsel for the infants that the property could not be sold except by decree of court under the provisions of the Code.

Therefore, the judgment is affirmed.